The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Old Republic was the carrier on the risk, with Crawford Company as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $287.68, which yields a weekly compensation rate of $191.79.
5. The plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment on September 9, 1993 which resulted in a back strain. As a result of the admittedly compensable injury, the plaintiff was disabled from work from September 10, 1993 through September 28, 1993. The plaintiff returned to his regular work at the pre-injury wage on September 29, 1993.
6. The issues for determination are:
 a. Whether the plaintiff requires any further medical treatment as a result of the admittedly compensable injury to his back; and,
 b. Whether the plaintiff retains a permanent partial disability impairment as a result of the admittedly compensable injury.
7. The parties stipulated twenty-eight pages of medical reports into the record.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the admittedly compensable injury, the plaintiff was employed as a general laborer, where his duties consisted of unloading rolls of cloth and moving cloth in the work area.
2. Following the admittedly compensable injury, the plaintiff sought medical treatment from Dr. Jorge Carreras in September of 1993 at the emergency room at Memorial Mission Medical Center, at which time Dr. Carreras noted that the plaintiff complained of a sudden onset of right lumbar pain which radiated toward the right leg.
3. On September 17, 1993, the plaintiff presented to Asheville MRI for a scan of the lumbosacral region, which revealed mild right centro-lateral focal posterior disc bulging at L5-S1.
4. The plaintiff continued to receive medical treatment from Dr. Steven M. Stranges from November of 1993 through September of 1994. Dr. Stranges also referred the plaintiff to Dr. Leslie Cargile for treatment from November of 1993 through July of 1994. Both physicians imposed lifting restrictions for the plaintiff to return to limited work.
5. Dr. Cargile diagnosed the plaintiff with an L5-S1 disc herniation due to persistent pain and numbness in the right foot.
6. In August of 1994, a lumbar myelogram indicated a mild ventral extradural defect at both L4-5 and L5-S1, with no evidence of nerve impingement. A CT scan showed a mild right-sided posterolateral disc protrusion at L5-S1, which may cause some impingement at the right S1 nerve root sheath.
7. Dr. Stranges reviewed the diagnostic testing and opined that the plaintiff's condition would likely not improve with surgery, and that the pain was myofacial in nature.
8. The plaintiff received treatment from Dr. Eaton in February of 1995 and in May of 1996. Dr. Eaton found that the plaintiff had a disc abnormality that would be the result of repetitive lifting at work.
9. Dr. Eaton found that the motor vehicle accident which the plaintiff had in 1992 involved his knee and not his back.
10. Dr. Eaton found the plaintiff had reached maximum medical improvement by May 8, 1996, and that he retained a fifteen percent permanent impairment to his back.
11. Dr. Eaton recommended an aggressive treatment plan which would include work hardening and physical therapy, medication for the neuritis, and updated diagnostic studies.
12. Russell B. Hilliard, Sr., translated testimony in this hearing, as the plaintiff is a Hispanic male who speaks little English.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the compensable injury, the plaintiff is entitled to permanent partial disability compensation at the rate of $191.79 per week for forty-five weeks, as a result of the fifteen percent rating to the back. N.C. GEN. STAT. § 97-31(23).
2. The plaintiff is entitled to have defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen his period of disability, including diagnostic testing and work hardening. N.C. GEN. STAT. § 97-2(19).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay to the plaintiff permanent partial disability compensation at the rate of $191.79 per week for forty-five weeks.
2. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
3. Defendants shall pay medical expenses incurred or to be incurred as a result of the compensable injury, including further treatment by Dr. Eaton, work hardening and diagnostic testing as may be necessary to provide relief, effect a cure or lessen plaintiff's period of disability.
4. Defendants shall pay the costs, including an additional expert witness fee of $80.00 to Robert Eaton, M.D. for the second deposition provided in this matter, and for a fee of $40.00 for Russell B. Hilliard, Sr., for providing translator services.
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH
S/ ____________ DIANNE C. SELLERS
CMV/CNP/db